1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**SEATTLE DIVISION**

| | |
|---|---|
| ARIANA WREN, | Case No.: |
| Plaintiff, | |
| v. | **CIVIL ACTION** |
| REALPAGE, INC. d/b/a LEASINGDESK SCREENING, | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMPLAINT**

Plaintiff Ariana Wren ("Plaintiff") brings this putative class action individually and on behalf of all others similarly situated, seeking statutory and other damages against Defendant RealPage, Inc. d/b/a LeasingDesk Screening ("LEASINGDESK" or "Defendant") and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and upon information and belief, as follows:

**PRELIMINARY STATEMENT**

COMPLAINT – 1

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

1. This is an action to recover damages for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

2. The FCRA is a federal statute designed to protect consumers from the harmful effects of inaccurate information reported in consumer reports (commonly referred to as "credit reports"). Thus, Congress enshrined the principles of "fair and accurate credit reporting" and the "need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness" in the very first provision of the FCRA. *See* 15 U.S.C. § 1681a.

3. To that end, the FCRA imposes the following duties on consumer reporting agencies: (1) consumer reporting agencies must maintain procedures to avoid the inclusion of outdated information in consumer reports; (2) consumer reporting agencies must devise and implement reasonable procedures to ensure the "maximum possible accuracy" of information contained in consumer reports; and (3) consumer reporting agencies must reinvestigate the facts and circumstances surrounding a consumer's dispute and timely correct any inaccuracies.

4. The FCRA provides consumers with a private right of actions against consumer reporting agencies that willfully or negligently fail to comply with their statutory obligations under the FCRA.

**COMPLAINT** – 2

5.  Plaintiff, Ariana Wren ("Plaintiff"), therefore brings this putative class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") alleging that LEASINGDESK has negligently and recklessly disseminated consumer reports concerning Plaintiff's and countless others' backgrounds that wrongfully reported outdated adverse non-conviction criminal information beyond the time allotted under the FCRA due to willfully insufficient policies and procedures.

6.  Plaintiff, individually and on behalf of the Class members, seeks statutory and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

### PARTIES

7.  Plaintiff is a natural person and resident of the State of Washington and qualifies as a "consumer" as defined and protected by the FCRA.

8.  Defendant RealPage, Inc. d/b/a LeasingDesk Screening ("LEASINGDESK") is a "consumer reporting agency" as that term is defined under 15 U.S.C. § 1681a(f), as it "regularly engages in whole or in part in the practice of assembling or evaluating credit information or other information on consumers for the purpose of furnishing consumer reports to third parties" in exchange for monetary compensation, by means of

**COMPLAINT** – 3

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

interstate commerce. Defendant LEASINGDESK is a Delaware corporation that maintains its primary place of business at 2201 Lakeside Blvd, Richardson, Texas 75082.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendant regularly conducts business within the State of Washington and violated Plaintiff's rights under the FCRA in the State of Washington as alleged more fully below.

10. Venue is proper in this District under 28 U.S.C. 1391(b) because Plaintiff resides in this District, Defendant conduct regular business in this District, and communications giving rise to this action occurred in this District.

## FACTUAL ALLEGATIONS

11. Sometime before October 12, 2023, Plaintiff applied for housing at the Valley View apartments ("Valley View").

12. In this application, Plaintiff agreed that a consumer background report regarding herself could be procured from Defendant LeasingDesk.

13. To Plaintiff's shock, on or about October 12, 2023, she was informed that she was being denied her housing due to the results of the consumer

**COMPLAINT** – 4

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

background report prepared by Defendant. Specifically, a cause of her denial was "Criminal and other public records unsatisfactory".

14. The report provided by Defendant had a "run date" of October 12, 2023. When Plaintiff reviewed the criminal records section of the report procured from Defendant, she was shocked to see that Defendant was reporting four criminal entries, case numbers CR0052283, 1Z027448, and CR0053809, with charges for Assault in Fourth Degree-DV, Breach of Peace, Assault in Fourth Degree-DV and Theft 3.

15. Plaintiff was shocked and confused as to the reporting of these offenses, as on September 14, 2020, all of these convictions had been vacated by the Renton Municipal Court.

16. Washington law does not equate the vacating of a record with expungement, meaning that the information is still publicly available. However, when a record is vacated, "[i]f you pled guilty to a crime, your plea will be changed to not guilty and then the charges are dismissed. If you were found guilty, the court may set aside the conviction, dismiss the case

**COMPLAINT** – 5

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

and vacate the judgment and sentence."[1] In essence, the result of an order vacating a record is a <u>non-conviction</u>.[2]

17. Accordingly, all the records reported by Defendant pertained to non-conviction information. Additionally, all of the criminal cases reported by Defendant concerning Plaintiff were filed more than 7 years before the date of Plaintiff's report.

18. The FCRA provides that "no consumer reporting agency may make any consumer report containing…adverse item[s] of information, other than records of convictions of crimes **which antedates the report by more than 7 years**." 15 U.S.C. § 1681c(a)(5) (emphasis added).

19. Moreover, the CFPB (as well as numerous courts) has issued guidance expressly clarifying that the relevant date for purposes of section 1681c as it pertains to non-conviction criminal information is the date of entry (the date of filing), and consumer reporting agencies are prohibited from using the disposition date for purposes of the 7-year rule. *See FCRA Background Screening AO*, **89 Fed. Reg. 4171, at 4172** (Jan. 23, 2024).[3]

---

[1] *See Vacating a Conviction*, Seattle Municipal Court, available at https://www.seattle.gov/courts/programs-and-services/vacating-a-conviction#:~:text=What%20Does%20Vacating%20a%20Record,then%20the%20charges%20are%20dismissed.
[2] Indeed, federal criminal law also recognizes the vacating of a guilty judgment under 28 U.S.C. § 2255.
[3] available at https://www.govinfo.gov/content/pkg/FR-2024-01-23/pdf/2024-00788.pdf

**COMPLAINT** – 6

20. Accordingly, on or about October 31, 2023, Plaintiff initiated a dispute with Leasingdesk, asserting that the criminal information in her report was inaccurate and outdated.

21. Within 30 days of receipt of Plaintiff's dispute, Defendant was required to investigate the disputed information and to correct or delete the inaccurate and outdated criminal information.

22. However, Defendant failed to do an adequate investigation of the Plaintiff's disputes and indicated that they had determined that the information originally reported was accurate.

23. If this were not enough, Defendant's wrongful conduct continued.

24. Sometime before March 7, 2024, Plaintiff applied for housing at the Cascadia at Fairwood Landing ("Cascadia").

25. In this application, Plaintiff again agreed that a consumer background report regarding herself could be procured from Defendant LeasingDesk.

26. On or about March 7, 2024, Plaintiff was informed that she was being denied her housing due to the results of the consumer background report prepared by Defendant. Again, a cause of her denial was "Criminal and other public records unsatisfactory".

**COMPLAINT** – 7

27. Upon reviewing her report, Plaintiff saw that despite having provided notice in her previous dispute, Defendant was continuing to report this outdated non-conviction information.

28. Accordingly, Plaintiff again disputed this inaccurate and outdated information with Leasingdesk.

29. On or about March 18, 2024, Defendant responded to Plaintiff's March dispute, indicating it had "confirmed that the charge of ASSAULT IN FOURTH DEGREE---DV for Case#CR0052283 should be removed from your file," but that the remaining criminal information was "reporting accurately."

30. As a result of Defendant's reporting of outdated non-conviction information, Plaintiff was denied housing with both Valley View and Cascadia.

31. Upon information and belief, Plaintiff has maintained woefully insufficient procedures for preventing violations of section 1681c.

32. Upon information and belief, Defendant has reported adverse non-conviction information that antedates the date of the report for countless other individuals.

**COMPLAINT** – 8

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

33. Pursuant to Section 1681(e)(a) of the FCRA, "[e]very consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title." 15 U.S.C. 1681e(a).

34. Pursuant to Section 1681e(b) of the FCRA, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

35. Upon information and belief, Defendant fails to have such procedures, as it allows for outdated adverse non-conviction information to appear on consumer's reports, despite the FCRA specifically proscribing otherwise.

36. As a direct result of Defendant's outdated reporting, Plaintiff and the Class members have been damaged. For example, derogatory information which otherwise should not have been included in their consumer reports was disseminated to Plaintiff's and the Class members' potential landlords, and numerous individuals, like Plaintiff, have been denied housing.

37. These injuries are particularized and concrete, but difficult to quantify, rendering the recovery of class statutory damages ideal and appropriate.

**COMPLAINT** – 9

38. At all times pertinent hereto, Defendant's conduct was willful and/or negligent, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e of the FCRA. Accordingly, Plaintiff and the Class are entitled to statutory and punitive damages under 15 U.S.C. §§ 1681n and 1681o. Defendant is also liable for Plaintiff's reasonable attorneys' fees and costs.

39. As a direct and proximate result of the Defendant's willful and/or negligent refusal to assure maximum accuracy of credit reports as mandated by the FCRA, Plaintiff and the Class members have been harmed in their daily lives, by the impact that this outdated derogatory information has had on their ability to secure housing.

40. As an example, Plaintiff was denied her housing applications with the Valley View and Cascadia and suffered emotional distress along with embarrassment, frustration, and annoyance because of Defendant's conduct.

## <u>CLASS ALLEGATIONS</u>

41. Plaintiff brings this action as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and all others similarly situated.

42. The Class is defined as follows:

**COMPLAINT** – 10

**All natural persons residing in the United States on whom, from two year prior to the filing of this action and through the date of class certification, Defendant compiled and furnished a consumer background report which contained adverse non-conviction information that antedated the report by more than seven years**.

43. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

44. Specifically excluded from the Class are: (a) all federal court judges who preside over this case and their spouses; (b) all persons who elect to exclude themselves from the Class; (c) all persons who have previously executed and delivered to Defendant releases of all their claims; and (d) Defendant's employees, officers, directors, agents, and representatives and their family members.

45. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. At this time, Plaintiff does not know the exact size of the Class. Based on information and belief, the Class is comprised of at least hundreds, if not thousands, of members who are geographically dispersed throughout the country so as to render joinder of all Class members impracticable. The names and addresses of the Class members are identifiable through documents maintained by Defendant, and the Class members may be notified of the pendency of this action by published and/or

**COMPLAINT** – 11

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

mailed notice.

46. **Commonality.** Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The primary common legal and factual questions are:

    a. Whether the Defendant willfully and/or negligently violated the FCRA by including outdated adverse non-conviction information in consumer reports which antedated the reports by more than seven years;

    b. Whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures in preparing and selling consumer reports;

    c. Whether Plaintiff and the Class have been injured by Defendant's conduct;

    d. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, the proper measure and appropriate formula to be applied in determining such damages and restitution; and

    e. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

**COMPLAINT** – 12

47. **Typicality**. Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

48. **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests coincide with, and are not antagonistic to, other Class members' interests. Additionally, Plaintiff has retained counsel experienced and competent in complex consumer and class-action litigation. Plaintiff's counsel have prosecuted complex consumer class actions across the country.

49. **Predominance and Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them. Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

**COMPLAINT** – 13

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

50. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

## CAUSES OF ACTION
### COUNT I
### Violation of the FCRA, 15 U.S.C. § 1681c

51. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

52. Plaintiff brings this claim individually and on behalf of all others similarly situated.

53. Section 1681c(a)(5) of the FCRA provides that "no consumer reporting agency may make any consumer report containing… adverse item[s] of information, other than records of convictions of crimes which antedates the report by more than seven years."

54. Defendant is currently violating, and continues to violate, 15 U.S.C. § 1681c(a)(5) by reporting outdated and obsolete adverse non-conviction

**COMPLAINT** – 14

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

information on Plaintiff's and the Class members' consumer reports that is more than the statutory period allows.

55. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

56. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to adhere to the statutorily provided reporting period, Plaintiff and the Class have been harmed, as explained above.

## COUNT II
## Violation of the FCRA, 15 U.S.C. § 1681e(a)

57. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

58. Plaintiff brings this claim individually and on behalf of all others similarly situated.

59. Section 1681e(a) of the FCRA requires that, "["[e]very consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 1681c of this title." 15 U.S.C. 1681e(a).

60. Accordingly, Defendant was required to maintain and follow procedures to avoid violations of in 1681c in the consumer reports it prepared concerning Plaintiff and the Class. This includes maintaining and following procedures

**COMPLAINT** – 15

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

to prevent outdated adverse non-conviction information from appearing on reports.

61. However, Defendant failed to do so.

62. Were Defendant to follow procedures to avoid violations of in 1681c in the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report outdated adverse non-conviction information such as the vacated offences which were filed more than 7 years before the date of the report on Plaintiff's reports.

63. If Defendant were meeting its obligation to maintain and follow procedures to avoid violations of in 1681c in the consumer reports it prepared for Plaintiff and the Class members, it would have prevented this outdated adverse information from being reported in the first place.

64. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

65. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

**COUNT III**
**Violations of the FCRA, 15 U.S.C. § 1681e(b)**

66. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

67. Plaintiff brings this claim individually and on behalf of all others similarly situated.

68. Section 1681e(b) of the FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure ***maximum possible accuracy*** of the information concerning the individual about whom the report relates." 15 U.S.C. §1681e(b) (emphasis added).

69. Accordingly, Defendant was required to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class. This includes following procedures to prevent outdated adverse non-conviction information from appearing on reports.

70. However, Defendant failed to do so.

71. Were Defendant to follow procedures to assure maximum possible accuracy of the consumer reports it prepared concerning Plaintiff and the Class members, it would not be possible for it to report outdated adverse information such as vacated offences which were filed more than 7 years

**COMPLAINT** – 17

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

before the date of the report on Plaintiff's and the Class members' reports.

72. Moreover, if Defendant were meeting its obligation to follow procedures to assure maximum possible accuracy of the credit reports it prepares for Plaintiff and the Class members, it would have prevented this outdated adverse information from being reported in the first place.

73. Defendant's violations are egregious to the point of being willful, giving rise to liability under 15 U.S.C. § 1681n, or additionally, negligent, giving rise to liability under 15 U.S.C. § 1681o.

74. As a direct and proximate result of Defendant's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff and the Class have been harmed, as explained above.

## COUNT IV
## Violations of the FCRA, 15 U.S.C. § 1681i

75. Plaintiff incorporates by reference all the preceding allegations as though fully set forth herein.

76. Plaintiff brings this claim individually.

77. At all times pertinent hereto, Defendant was a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(c).

**COMPLAINT** – 18

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

78. The FCRA provides that:

> "*if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer* and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, *the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file* in accordance with paragraph(5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller."
> 15 U.S.C. § 1681i(a)(1)(a) (emphasis added)

79. On multiple occasions, including in or around October of 2023 and March of 2024, Plaintiff initiated a dispute with Defendant requesting that they correct the outdated and inaccurate criminal history information on her consumer report.

80. Defendant received Plaintiff's dispute, as evidenced by its response on or about March 18, 2024.

81. However, Defendant never adequately investigated the Plaintiff's disputes, as required by the FCRA.

82. Instead, Defendant, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

**COMPLAINT** – 19

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

83. As a direct and proximate result of Defendant's refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

84. Leasingdesk's violations of the §1681i were willful. Therefore, Leasingdesk is liable to Plaintiff for actual, statutory, and punitive damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1681n.

85. Additionally, Leasingdesk's violations of § 1681i were at least negligent. Therefore, Leasingdesk is liable to Plaintiff for statutory and actual damages, pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR JURY TRIAL

86. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Class pray for relief as follows:

A. That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and their counsel to represent the Class;

B. That judgment be entered in favor of Plaintiff and the Class against Defendant for statutory damages and punitive damages pursuant to pursuant

**COMPLAINT** – 20

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

C. That judgment be entered in favor of Plaintiff individually against Defendant for statutory damages and punitive damages pursuant to pursuant to 15 U.S.C. §§ 1681n and/or 1681o, including pre-judgment and post-judgment interest;

D. That the Court award the costs of this action and reasonable attorneys' fees and expenses pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

E. That the Court issue a declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

F. That the Court grant equitable relief, enjoining Defendants from engaging in the unjust and unlawful conduct alleged herein; and

G. That the Court grant Plaintiff and the Class such other and further relief as may be just and proper.

Dated: March 25, 2024

By: /s/ Michael Brubaker
Michael Brubaker, WSBA #49804
Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com
*Attorney for Plaintiff and the*
*Proposed Class*

COMPLAINT – 21

Brubaker Law Group PLLC
14506 NE 184th Place
Woodinville, WA 98072
(206) 335-8746
michael@brubakerlawgroup.com

1

2
Joseph Kanee, Esq. (*pro hac vice*
3
forthcoming)
MARCUS & ZELMAN, LLC
4
4000 Ponce de Leon, Suite 470
5
Coral Gables, Florida 33146
(786) 369-1122
6
joseph@marcuszelman.com
7
*Attorney for Plaintiff and the Proposed Class*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT** – 22